DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

Wheldon E. GLASS,
*Defendant.*

(TC 4385)

Trial was held October 28, 1999, in the courtroom of the Oregon Tax Court, Salem.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, argued the cause for Plaintiff (the department).

Wheldon E. Glass, Defendant (taxpayer), argued the cause *pro se.*

Decision for Plaintiff rendered March 24, 2000.

## CARL N. BYERS, Judge.

Plaintiff Department of Revenue (the department) appeals from a magistrate's Decision holding that Defendant (taxpayer) is not a resident for purposes of personal income tax for the years 1992 through 1994. Trial was held to obtain evidence of the facts, and the parties have submitted post-trial briefs.

## FACTS

Taxpayer lived in Oregon from 1963 until 1975 when he graduated from high school and joined the United States Marine Corps. Taxpayer left the military in 1989 and returned to Oregon. After working at two different jobs, he enrolled in truck-driving school in Eugene. Upon graduation from truck-driving school in 1991, he became employed by KLLM Trucking, a company headquartered in Mississippi. In 1992, he became a driver trainer for KLLM Trucking, and in late 1993 obtained a dedicated run between Salinas, California, and one-of-five other cities, none of which was in Oregon.

During the tax years in question, taxpayer lived in his truck: a four-foot-wide, eight-foot-long, and nine-foot-high unit attached to the cab of the tractor. It contained two bunks, a refrigerator, and a small closet. Taxpayer testified that he used shower and bathroom facilities of truck stops and ate his meals in restaurants. He stayed in motels only about 12 to 13 times per year for which his employer reimbursed him. Taxpayer visited his parents about two weeks every year in Glide, Oregon. Although taxpayer has two siblings who also live in Oregon, there was no evidence that he ever visited them. Taxpayer testified that his life consisted mainly of driving a truck.

The department's evidence established that taxpayer's driver license was issued by Oregon and that taxpayer registered two personal automobiles in Oregon during the years in question. Taxpayer used his parents' mailing address as a permanent mailing address for important papers. Taxpayer was not registered to vote anywhere and had no banking or checking account in Oregon. Taxpayer used a truckers' banking service in Tennessee that enabled

his parents to pay his car payments and insurance on his behalf.

## THE LAW

■ States have jurisdiction to impose a personal income tax on individuals based on either jurisdiction over the person or jurisdiction over the source of income. Oregon's statutory scheme categorizes individuals for purposes of personal income tax as either residents or nonresidents. Residents are subject to taxation based upon the state's jurisdiction over their person. ORS 316.037 and ORS 316.027.[1] Nonresidents are subject to taxation based on the state's jurisdiction over the source of income. ORS 316.127. In this case, the department is asserting jurisdiction over the person of taxpayer; and, therefore, relies upon ORS 316.027. ORS 316.027(1) provides, in part:

"* * * 'Resident' or 'resident of this state' means:

"(a)   An individual who is domiciled in this state *unless* the individual:

"(A)   Maintains no permanent place of abode in this state;

"(B)   Does maintain a permanent place of abode elsewhere; and

"(C)   Spends in the aggregate not more than 30 days in the taxable year in this state; or

"(b)   An individual who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than 200 days of the taxable year in this state unless the individual proves that the individual is in the state only for a temporary or transitory purpose."

That statute adopts the common-law concept of domicile as the basic test.

"* * * In layman's terms, the concept of domicile is a person's 'home.' In attempting to be more precise, the law has determined that in order for an individual to establish domicile, the person must have both a 'fixed habitation or abode

---

[1] All references to the Oregon Revised Statutes are to 1991.

in a particular place, and an intention to remain there permanently or indefinitely * * *.' *Elwert v. Elwert*, 196 Or 256, 265, 248 P2d 847 (1952). The concept of domicile carries with it the notion that it is the place to which a person intends to return whenever absent therefrom. *Miller v. Miller*, 67 Or 359, 136 P 15 (1913)." *dela Rosa v. Dept. of Rev.*, 11 OTR 201, 203, *aff'd* 313 Or 284, 832 P2d 1228 (1992).

ORS 316.027 departs from the concept of domicile in two ways. It excludes an individual from being a resident, even though domiciled in Oregon, if the person: (1) spends less than 30 days in Oregon during the year, (2) does not maintain a permanent place of abode in Oregon, and (3) does maintain a permanent place of abode elsewhere. Conversely, the statute will treat individuals who are not domiciled in Oregon as residents if such individuals: (1) maintain a permanent place of abode in Oregon, and (2) spend more than 200 days per year in Oregon.

## ISSUE

Was taxpayer a resident of Oregon during the years in question as that term is defined by ORS 316.027?

## ANALYSIS

There is no doubt, and the court finds, that taxpayer was domiciled in Oregon during the years 1992 through 1994. Taxpayer grew up in Oregon and never changed his domicile before or after his military service. Taxpayer testified that he is not a resident of any state and does not think of any state as "home." However, taxpayer's contacts with Oregon, including his driver license, registering cars in Oregon, using an Oregon mailing address, and the fact that his parents and siblings live in Oregon, all constitute evidence of his state of mind. Also, taxpayer drew unemployment benefits in Oregon during the years 1989 through 1991. While those contacts are not very substantial, they are significant because of the lack of contacts with any other state.

Even though taxpayer is domiciled in Oregon, is he excluded from being a resident because he meets the other three conditions of the statute? Again, there is no question that taxpayer spent less than 30 days per year in Oregon and

maintains no permanent place of abode in Oregon. That leaves only one question: did taxpayer maintain a permanent place of abode elsewhere?

In addressing this central issue, the court must construe the statute as well as determine the facts. In construing a statute, the court's function is to discern legislative intent. It must first look to the text and context of the statute for its meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 607, 859 P2d 1143 (1993).

The preponderance of the evidence established that taxpayer's primary or "permanent" abode is his truck The demand to meet customer schedules and the Department of Transportation regulations that allow a driver to be on duty up to 15 hours per day does not leave taxpayer much time for anything else. He maintains no apartment because he has no time to use one. His employer's authorizations to use motels contemplate quick turn arounds. As a result, his truck is his home.

In these modern times, examples of people constantly on the move are becoming less unusual. Some live in recreational vehicles that have no "home" base. Others live in sailboats or yachts that, although they may have a home port or dock, spend most of the year at sea. Some individuals live in motels or hotels year round. Those are their "homes" and may be deemed more permanent by them than any customary house they ever occupied. Some individuals live in "abodes" that are mobile and others move frequently from one fixed abode to another. What did the legislature intend by use of the phrase "permanent place of abode"?

■ As this court pointed out in *Ramsey v. Dept. of Rev.*, 7 OTR 478 (1978), the legislature's use of the word "permanent" in ORS 316.027 cannot mean "lasting, unchangeable, enduring" in the same sense that that word is used in connection with the concept of domicile. In so concluding, the court quoted a Rhode Island case construing a statute identical in wording to ORS 316.027. In that case, the Rhode Island Supreme Court stated:

> "* * * In our view the establishment of a permanent place of abode requires the maintenance of a fixed place of abode

over a sufficient period of time to create a well-settled physical connection with a given locality." *Id.* at 483.

In *Ramsey*, this court found that where taxpayers' employment took them to different locations, and they lived for four months in Seattle, Washington, and seven months in a house in Barbados, they satisfied the requirement of maintaining a permanent place of abode elsewhere. Although the abodes had a fixed location, the taxpayers changed their abode and therefore their location. In the instant case, taxpayer maintains the same form or type of abode but that abode is mobile and changes location.

As the court pointed out in *Ramsey*, ORS 316.027(1)(a) provides a measure of tax relief for the domiciliary nonresident.

"* * * It appears clear that the legislature was intending to give tax relief to the 'domiciliary nonresident' who was gaining comparatively little or no benefit from the state in the form of governmental services and protection, for which taxes are imposed, commensurate with the personal service income tax which he would otherwise be required to pay." *Id.* at 483-84.

Conversely, the legislature also intended to impose the burden of paying personal income taxes on those non-domiciliaries who maintain a permanent place of abode in Oregon and spend more than 200 days in the state of Oregon. Apparently, the legislature assumed that such individuals receive sufficient government protection and services to justify requiring the payment of personal income tax.

It should be noted that the statutory scheme gives more importance to a permanent place of abode than to an individual's presence in the state. If a nondomiciliary does not maintain a permanent place of abode in Oregon, that person can spend 365 days a year in Oregon and pay no income tax. Conversely, if a person domiciled in Oregon maintains no permanent place of abode in Oregon or elsewhere, they will be subject to tax in Oregon even though they never spent a single day in Oregon during the tax year. That is curious to the court because taxes associated with a "permanent place of abode" are typically local taxes. Personal income taxes imposed by a state tend to provide government services and

protection more related to an individual's presence rather than a place of abode.

■        It does not seem fair that a taxpayer who lives and works in a truck operating entirely outside Oregon (except on rare occasions) should be required to pay Oregon personal income taxes. Nevertheless, the court cannot conclude that taxpayer's truck constitutes a "permanent place of abode." Giving effect to all of the words in the statute, "place" suggests the requirement of a location. If the word "place" is omitted, then the statute simply requires a taxpayer to maintain a permanent abode. However, ORS 174.010 expressly prohibits the court from omitting words. Even if the court omitted the word "place" and construed the statute to require only a permanent abode elsewhere, anytime taxpayer's truck entered Oregon, it would no longer be "elsewhere." The legislature's use of the words "place" and "elsewhere" indicates an intent that the abode have a fixed location.[2]

The court acknowledges that the legislature may have assumed that all abodes have a fixed location, which, as noted above, is not necessarily the case. However, if the legislature makes assumptions that are not correct, it is up to the legislature to change the law. The court's function is not to correct the statutes, but to construe them.

Based upon the above findings and conclusions, the court finds that taxpayer was a resident within the meaning of ORS 316.027 during the tax years 1992, 1993, and 1994. Taxpayer's claim for a refund of taxes paid for those years must be denied. Judgment will be entered consistent with this Opinion. Costs to neither party.

---

[2] Certainly, if an individual lives in a vehicle that moves on a daily basis within the borders of Oregon, that person does not have a permanent place of abode in Oregon.