Argued and submitted September 11, judgment of Tax Court affirmed
November 16, 2001, petition for reconsideration denied January 15, 2002

## DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

## Wheldon E. GLASS,
*Appellant.*

## (OTC 4385; SC S47572)

35 P3d 325

Wheldon E. Glass, appellant *pro se*, argued the cause and
filed the briefs and additional authorities.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief and additional authorities was Hardy Myers, Attorney General.

CARSON, C. J.

## CARSON, C. J.

Taxpayer appeals a decision of the Tax Court, which denied his claim for a refund of taxes paid for tax years 1992, 1993, and 1994. *Dept. of Rev. v. Glass*, 15 OTR 117 (2000). At issue is whether taxpayer was a resident, under ORS 316.027 (1991), for the tax years in question. We review for errors of law and substantial evidence in the record to support the Tax Court's decision. ORS 305.445.

The Tax Court found the following facts:

"Taxpayer lived in Oregon from 1963 until 1975 when he graduated from high school and joined the United States Marine Corps. Taxpayer left the military in 1989 and returned to Oregon. After working at two different jobs, he enrolled in truck-driving school in Eugene. Upon graduation from truck-driving school in 1991, he became employed by KLLM Trucking, a company headquartered in Mississippi. In 1992, he became a driver trainer for KLLM Trucking, and in late 1993 obtained a dedicated run between Salinas, California, and one-of-five other cities, none of which was in Oregon.

"During the tax years in question, taxpayer lived in his truck: a four-foot-wide, eight-foot-long, and nine-foot-high unit attached to the cab of the tractor. It contained two bunks, a refrigerator, and a small closet. Taxpayer testified that he used shower and bathroom facilities of truck stops and ate his meals in restaurants. He stayed in motels only about 12 to 13 times per year for which his employer reimbursed him. Taxpayer visited his parents about two weeks every year in Glide, Oregon. Although taxpayer has two siblings who also live in Oregon, there was no evidence that he ever visited them. Taxpayer testified that his life consisted mainly of driving a truck.

"The department's evidence established that taxpayer's driver license was issued by Oregon and that taxpayer registered two personal automobiles in Oregon during the years in question. Taxpayer used his parents' mailing address as a permanent mailing address for important papers. Taxpayer was not registered to vote anywhere and had no banking or checking account in Oregon. Taxpayer used a truckers' banking service in Tennessee that enabled

his parents to pay his car payments and insurance on his behalf."

*Glass*, 15 OTR at 118-19.

■    Taxpayer asserts that he was not subject to state personal income tax during 1992-94 because his source of income was outside Oregon. Under ORS 316.037(1)(a) (1991), the state may tax an individual for income earned outside Oregon, if that individual was a "resident of this state" at the time that the individual earned the income. ORS 316.027 (1991) provided, in part:

"(1) 'Resident' or 'resident of this state' means:

"(a)   An individual who is domiciled in this state unless the individual:

"(A)   Maintains no permanent place of abode in this state;

"(B)   Does maintain a permanent place of abode elsewhere; and

"(C)   Spends in the aggregate not more than 30 days in the taxable year in this state; * * *."

This court has interpreted that statute to mean that, if an individual is "domiciled" in Oregon, then he or she is a "resident" unless he or she can satisfy *all* three exceptions under subsection (a). *dela Rosa v. Dept. of Rev.*, 313 Or 284, 288-89, 832 P2d 1228 (1992).[1]

The Tax Court concluded that taxpayer was a "resident" because he was "domiciled" in Oregon from 1992-94 and did not "maintain a permanent place of abode elsewhere." Taxpayer challenges both those determinations. We have considered taxpayer's arguments and, for the reasons explained below, affirm the Tax Court's decision.

Taxpayer was domiciled in Oregon before 1992. There is substantial evidence in the record to show that taxpayer did not intend to change domiciles after 1992. *See Elwert v. Elwert*, 196 Or 256, 265, 248 P2d 847 (1952) ("To constitute a change three things are essential: (1) residence

---

[1] We note that *dela Rosa* interpreted the 1981 version of ORS 316.027. However, the 1991 version is not substantially different from the 1981 version.

in another place, (2) an intention to abandon the old domicil, and (3) an intention to acquire a new domicil."). Consequently, taxpayer was domiciled in Oregon during the relevant tax years. Therefore, under ORS 316.027 (1991), taxpayer was a "resident" during the tax years in question and was subject to Oregon income tax, unless he meets all the statutory exceptions.

■　　　Taxpayer does not meet all the exceptions. Although taxpayer did not maintain an abode in Oregon, and spent no more than 30 days in Oregon during each taxable year in question, taxpayer's truck does not constitute "a *permanent place* of abode elsewhere." ORS 316.027(1)(a) (1991) (emphasis added). Therefore, we conclude that the Tax Court did not err in entering judgment against taxpayer.

The judgment of the Tax Court is affirmed.