David M. PERLMAN
and Celia P. Fulton,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 000998D)

Paul S. Hosgrove, Lindsay, Hart, Neil & Weigler LLP, Portland, with Robert N. Vohra, Thiemann Aitken & Vohra LLP, Alexandria, VA, appearing *pro hac vice*, filed the motion for Plaintiffs.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant.

Decision on Cross Motions for Summary Judgment allowed in part, denied in part, rendered January 24, 2002.

### JILL A. TANNER, Magistrate.

On August 14, 2001, the court filed its Partial Decision on Cross Motions for Summary Judgment as follows:

Plaintiffs appeal Defendant's Notice of Tax Assessment, dated May 23, 2000, assessing them additional tax for tax year 1996. The matter is before the court on the parties' Cross Motions for Summary Judgment. The court has considered the stipulated facts and memorandums submitted by the parties.

## STATEMENT OF FACTS

The stipulated facts are as follows:

During 1996, Plaintiffs moved to Oregon from Florida. Plaintiffs filed an Oregon Part-Year Residents Income Tax Return (Form 40P) for tax year 1996, stating that they were Oregon residents from July 10, 1996, through December 31, 1996.[1] On their income tax return in the federal column, Plaintiffs reported their share of undistributed S corporation, Interbond Corporation of America (Interbond), income in the amount of $591,499. Plaintiffs allocated a portion ($85,654) of the Interbond income to Oregon.

## COURT'S ANALYSIS

The issue before the court is the amount of the Interbond income that must be included in Plaintiffs' 1996 Oregon source income. Plaintiffs allege they are permitted to

---

[1] At the time the Oregon income tax return was filed, Plaintiff, Celia F. Fulton, was Celia F. Perlman.

allocate a portion of the Interbond income to Oregon because they only resided in Oregon for part of the year. Defendant alleges the entire amount of the Interbond income must be included in Plaintiffs' Oregon taxable income because Plaintiffs were residents in Oregon "during the period that included the last day of Interbond's tax year."

■ In determining the Oregon income tax of a part-year resident, the starting place is the computation of a ratio based on a taxpayer's federal adjusted gross income. *See* ORS 316.022(5) and (6); ORS 316.037(2); and ORS 316.048.[2] A taxpayer computes the ratio as follows: the numerator is federal adjusted gross income from only Oregon sources and the denominator is federal adjusted gross income from all sources including Oregon. ORS 316.117. Federal adjusted gross income "shall be as determined under the provisions of the Internal Revenue Code as they may be in effect for the tax year of the taxpayer." ORS 316.013. For ORS 316.117, federal adjusted gross income means the "federal adjusted gross income of the taxpayer with the additions, subtractions and other modifications to federal taxable income * * * that relate to adjusted gross income."

■ A shareholder of an S corporation, rather than the corporation itself, is taxed on the distributed and undistributed income of the corporation. The actual distributions, commonly labeled dividends, are taxable income to the shareholder when received. In this case, the Interbond income was the S corporation's undistributed income.

■ In computing the federal adjusted gross income, ORS 316.119(1) states that a taxpayer's "entire adjusted gross income" is to be included "[f]or the portion of the year in which the taxpayer was a resident of Oregon." Plaintiffs allege that Defendant has incorrectly defined the taxable income of a part-year resident. Plaintiffs conclude that Defendant erroneously interpreted the Internal Revenue Code when it defined Plaintiffs' taxable income in accordance with ORS 316.007. Plaintiffs state that "[t]here are a number

---

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 1995.

of indicators in the Code with respect to treatment of S corporations and shareholders that would indicate that treating income as passing through to the shareholder entirely on the last day of the taxable year is not the appropriate federal treatment." Plaintiffs suggest that the Interbond income should be ratably allocated to Oregon based on the number of days or months Plaintiffs resided in Oregon. Plaintiffs provide examples where S corporation income is computed due to the death of a shareholder or a change in shareholder ownership, resulting in a "per-share-per-day" or ratable share computation.

■        Generally, an S corporation's income or loss is allocated on a per share, per day basis to all shareholders owning stock in the corporation during the corporation's taxable year. *See* IRC §§ 1377(a)[3] and 1362(e) (1996). Treasury Regulation section 1.1367-1(b)(2) (1996) provides that the basis of a shareholder's share of stock is increased by an amount equal to the shareholder's pro rata portion of the items described in Internal Revenue Code (IRC) section 1367(a)(1) (1996) that is attributable to that share, determined on a per share, per day basis in accordance with IRC section 1377(a) (1996). Treasury Regulation section 1.1367-1(c)(3) (1996) provides that the basis of a shareholder's share of stock is decreased by an amount equal to the shareholder's pro rata portion of the passthrough items and distributions described in IRC section 1367(a)(2) attributable to that share, determined on a per share, per day basis in accordance with IRC section 1377(a). Under former IRC section 1373(b) (1982), undistributed income was computed as a dividend to the shareholder as though the S corporation distributed its income on the last day of its taxable year. This is no longer the general rule, although in certain cases it can be elected.[4]

---

[3] "Except as provided in paragraph (2) [election to terminate year], each shareholder's pro rata share of any item for any taxable year shall be the sum of the amounts determined with respect to the shareholder—

"(A)  by assigning an equal portion of such item to each day of the taxable year, and

"(B)  then by dividing that portion pro rata among the shares outstanding on such day. IRC § 1377(a)(1) (1996)."

[4] The exception to the general rule provides for allocation "as if" the taxable year consists of two taxable years. This will not affect the **time** items pass through to the taxpayer on a per share, per day basis.

Absent a special election (IRC § 1377(a)(2) (1996)), both the Internal Revenue Code and Treasury Regulations clearly state that a shareholder's share of stock is increased or decreased based on the shareholder's pro rata share of various items on a per share, per day basis. A shareholder's pro rata share of any item for any taxable year is the sum of the amounts determined with respect to the shareholder by assigning an equal portion of such items to each day of the taxable year and then dividing that portion pro rata among the shares outstanding on such day. IRC § 1377(a)(1) (1996).

■　　The time when a taxpayer must report its ratable share of an S corporation's undistributed income in accordance with ORS 316.013 is set by the Internal Revenue Code in effect for that tax year. According to IRC section 1366(a)(1)(A) (1996), a shareholder in an S corporation reports its "pro-rata share of the corporation's items of income, * * * loss, deduction, or credit" in its "taxable year in which the taxable year of the S corporation ends." While IRC section 366(b) (1996) provides for an alternative election when a shareholder terminates its interest, the general rule is that a taxpayer/shareholder is required to report its pro rata share of the S corporation's undistributed income in the same tax year in which the taxable year of the S corporation ends. In this case, Plaintiffs must report their pro rata share of the Interbond income in their 1996 tax year.

The court has concluded Plaintiffs' undistributed income from Interbond must be computed on a per share, per day basis. In addition, the court has concluded the Interbond income must be reported in Plaintiffs' 1996 tax year.

The final issue to resolve is the portion of the Interbond income which can be deemed Oregon source income. Oregon's statutory scheme for purposes of imposing personal income taxes categorizes individuals as either residents or nonresidents. *See Dept. of Rev. v. Glass*, 15 OTR 117, 119 (2000). Part-year residents are subject to taxation based upon the state's jurisdiction over their person.[5] *Id.*; ORS

---

[5] Nonresidents are subject to taxation based on the state's jurisdiction over the source of income. ORS 316.127. There is no dispute that residence provides sufficient basis under the United States Constitution to permit a state to tax all income including income from out of state sources. *See New York ex rel. Cohn v. Graves,*

316.037(2). Because a portion of the undistributed income was earned on a per share, per day basis when Plaintiffs did not reside in Oregon, the full amount of the Interbond income cannot be Oregon source income.

Defendant concluded that because Interbond's tax year ended during the time Plaintiffs resided in Oregon, Plaintiffs' entire adjusted gross income must include the full amount of the undistributed income as Oregon source income. Defendant relied on the Oregon Administrative Rule (OAR) 150-316.037(4), which provides, in part:

> "If a taxpayer is a part-year Oregon resident, the entire pro-portional share of partnership or S corporation income, gain, loss or deduction from a partnership or S corporation whose taxable year ends during the portion of the year the taxpayer is an Oregon resident is treated as Oregon source income."

Defendant would ignore the statutory requirement that the federal adjusted gross income be computed based on the IRC in effect for Plaintiffs' tax year. ORS 316.013. In addition, Defendant's reliance on the OAR would include in Plaintiffs' "entire adjusted gross income" income earned for that portion of the year when Plaintiffs were not residents of Oregon. *See* ORS 316.119(1). Further, the OAR is in direct conflict with the estimated income tax payment statute, ORS 316.573. When filing a quarterly estimated tax declaration, ORS 316.573 requires a taxpayer who is an S corporation shareholder to include in Oregon taxable income the share-holder's pro rata share of the S corporation gross income. In order for a taxpayer to comply with this statute, the taxpayer must compute the S corporation income on a per share, per day basis, the method set forth in the IRC. To the extent OAR 150-316.037(4) conflicts with the statutory requirements of ORS 316.119(1), ORS 316.013 and ORS 316.573 for share-holders of an S corporation, it is "inconsistent with legislative enactments" and it is invalid. ORS 314.815.

The actual amount of the Interbond income which is Oregon source income must be determined based on the

---

300 US 308 (1937). The State of Oregon cannot tax the Interbond income which was generated from "out of state sources" when Plaintiffs were nonresidents of Oregon.

court's Decision that Plaintiffs' undistributed income from Interbond must be computed on a per share, per day basis at the time Plaintiffs were residents of Oregon. The parties are requested to submit their computations of the portion of Interbond income that is Oregon source income to the court no later than 45 days from the date of this Decision. The parties may request that the court schedule a trial date to hear evidence supporting their computations. A trial request should be submitted to the court no later than 45 days from the date of this Decision. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Cross Motion for Summary Judgment is granted in part and denied in part.

FURTHER IT IS THE DECISION OF THIS COURT that Defendant's Cross Motion for Summary Judgment is granted in part and denied in part.

Dated this 14th day of August, 2001.

On December 21, 2001, the parties submitted their "Computations in Accord with Court's Partial Decision" as requested by the court. The parties agree that the total amount of the S corporation's undistributed income for its tax year ending August 31, 1996, to include in Plaintiffs' Oregon source income for the tax year 1996 is $77,437. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Cross Motion for Summary Judgment is granted in part and denied in part.

IT IS FURTHER DECIDED that Defendant's Cross Motion for Summary Judgment is granted in part and denied in part.

IT IS FURTHER DECIDED that the total amount of the S corporation's (Interbond Corporation of America) undistributed income for its tax year ending August 31, 1996, included in Plaintiffs' Oregon source income for the tax year 1996 is $77,437.