IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JUSTIN J. HANNEGAN )
)
      Plaintiff, ) TC-MD 110828D
)
  v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
      Defendant. ) **DECISION**

      Plaintiff appeals Defendant's Notice of Deficiency Assessment, dated

June 14, 2011, for tax year 2007. A trial was held on November 3, 2011, via telephone,

at the Oregon Tax Court, Salem, Oregon. Joseph Minniti (Minniti), Certified Public

Accountant, appeared on behalf of Plaintiff. Plaintiff and Ken Hannegan, Plaintiff's

father, testified on behalf of Plaintiff. Sandi Lyon (Lyon) appeared and testified on

behalf of Defendant.

      Plaintiff's Exhibits 1 and A through L and Defendant's Exhibits A through F were

received without objection.

      Prior to opening statements, Lyon asked Plaintiff to clear up a discrepancy on the

timeline Defendant received from Plaintiff. (Def's Ex B.) Lyon stated that Plaintiff's

timeline had a gap between June 18, 2007 and July 3, 2007, and that Plaintiff did not

account for his location during this time gap. In response, Minniti stated that Plaintiff's

case log accounts for Plaintiff's locations during 2007, and the omission from the

timeline was in error. (Def's Ex C; Ptf's Ex F)

/ / /

/ / /

I.  STATEMENT OF FACTS

Plaintiff appeals Defendant's conclusion that Plaintiff was domiciled in Oregon from January 1, 2007 until August 31, 2007.  The parties agree that Plaintiff established his domicile in Boston, Massachusetts no later than September 1, 2007.  Plaintiff testified that he never established a domicile in Oregon for tax year 2007.  (Ptf's Ex 1 at 1.) Plaintiff and his father both testified that Plaintiff resided in Oregon at his parents' home in Salem, Oregon, from January 1, 2007 through February 18, 2007.  (Ptf's Ex 1 at 1). Plaintiff's father testified that the housing arrangement was intended to be temporary during the time Plaintiff looked for full time employment commensurate with his college degree.

Plaintiff testified that during the time he lived with his parents in Salem he was employed at the family business, Hannegan & Sons, Inc., from January 1, 2007 through January 26, 2007.  (Ptf's Exs 1 at 1, B-D.)  Plaintiff's father testified that he is a shareholder in Hannegan & Sons, Inc., and that Plaintiff's employment with the company was temporary.  Plaintiff testified that his "W-2, paystub, and timesheet" from Hannegan & Sons, Inc., state both the duration of his employment in Oregon and his Oregon wages. (Ptf's Exs B-D.)

Plaintiff testified that his mother completed his 2007 Oregon state income tax return.  Plaintiff testified that the tax return was erroneous because it incorrectly identified Plaintiff as a full-year resident in Oregon.  Plaintiff testified that his amended 2007 Oregon Income Tax Return for Part-Year Residents (Amended Return), prepared by Minniti, correctly states the amount of Oregon taxable income.  (*Id.*; Ptf's Ex A.)  Minniti stated that the Amended Return was not filed, but was sent to Defendant as part of

Plaintiff's exhibits. Lyon testified that Defendant received the Amended Return as part of Plaintiff's exhibits, but the return has not been filed.

Plaintiff testified that the Amended Return states total wages of $39,549 and taxable interest income of $88, for a total income of $39,637. (Ptf's Ex A.) Plaintiff testified that the Amended Return states Oregon wages of $2,387 and $15 for taxable interest, for a total income of $2,402 earned during the period January 1, 2001 through February 18, 2007. (*Id.*) Plaintiff also testified that he listed his parents' Oregon address on his 2007 federal tax return in order to ensure the receipt of his state income tax refund check.

Plaintiff testified that on February 6, 2007, he was hired by Surgical Monitoring Services, Inc., a Maryland-based company, with an effective starting date of February 20, 2007. (Ptf's Ex 1 at 1.) Plaintiff testified that on February 18, 2007, he flew to Colorado Springs, Colorado, to begin initial training. (*Id.*) After the conclusion of the initial training, Plaintiff testified that additional training was conducted from April 1, 2007 through June 13, 2007, at various hospitals in Colorado. (*Id.*) Plaintiff testified that he travelled to Seattle, Washington, on June 14, 2007, accepted temporary job assignments, and looked for housing in Seattle. (Ptf's Ex 1at 2.) However, in Plaintiff's Complaint, Minniti stated that on June 14, 2007, Plaintiff was sent to Eureka, California, to work on a temporary basis until his employment status in Seattle was resolved. (Ptf's Compl at 3.) Plaintiff testified that he was transferred by his employer to Boston, Massachusetts, on July 29, 2007, where he looked for permanent housing. (Ptf's Ex 1 at 2.) Plaintiff testified that he moved into his Boston apartment on September 1, 2007. (*Id.*)

Plaintiff testified that when he was offered employment in February, 2007, he had no plans to return to Oregon because the company did not conduct business in Oregon. When questioned by the court, Plaintiff testified that he left Oregon with two suitcases, having no other possessions. Plaintiff testified that his February 2007 receipts for a Colorado hotel show that he no longer claimed Oregon as his residence. (Ptf's Ex E.) Plaintiff also testified that he considered other hotels he stayed in during his training as his home.

Plaintiff testified that his "2007 Case Log" shows that he worked in a variety of states from February 19, 2007 until December 27, 2007, including Colorado, California, Connecticut, Virginia, and Massachusetts, but not in Oregon. (Ptf's Ex F.) Plaintiff testified that his W-2s for the period between February 19, 2007 and December 27, 2007, properly show the wages earned in the respective states. (Ptf's Ex.G.) Plaintiff also testified that his 2007 W-2s from Surgical Monitoring Service, Inc., show both Plaintiff's intent to establish Seattle, Washington, as his domicile, and his revised intent to establish Boston, Massachusetts, as his domicile. (Ptf's Ex 1 at 1, G.) Plaintiff testified that because his company was unable to form contracts with hospitals in the Seattle area, he never resided in Washington and the company subsequently transferred him to Boston.

Minniti argued that after Plaintiff left Oregon on February 18, 2007, Plaintiff was an itinerant and never established permanent domicile in Boston, Massachusetts, until September 1, 2007. (Ptf's Ex 1 at 1.) Minniti argued that under Rev Rul 71-247, "if a taxpayer doesn't have a regular or principal place of business or a regular place of abode, he is considered an itinerant who has his home wherever he happens to work." (Ptf's Ex 1 at 2.) Minniti argued that because Plaintiff had neither a regular place of business until

July 29, 2007, nor a regular abode until September 1, 2007, Plaintiff was an itinerant and had no established domicile. (*Id.*) Minniti argued that the tests under Rev Rul 73-529 apply for determining a taxpayer's tax "home." (*Id.*)

Minniti argued that "domicile" is defined by ORS 316.027, and that intent is the most important factor in determining a change of domicile. (Ptf's Ex 1 at 3.) Minniti argued that plaintiff 1) intended to abandon his old abode, 2) intended to acquire a specific new domicile, 3) was physically present in a new abode outside Oregon, 4) did not have more than one home during the year, and 5) never maintained a residence in Oregon during 2007. (*Id.*) Minniti argued that these five factors establish that Plaintiff met the requirements for change of domicile that occurred when Plaintiff stayed at a hotel in Colorado. (*Id.*)

Lyon testified that she agreed Plaintiff was a part-time resident of Oregon, but disagreed as to the duration of his part-time residency. Lyon testified that based on the information provided by the Plaintiff, Plaintiff changed his domicile from Oregon to Boston, Massachusetts on September 1, 2007. (Def's Ex B.) Lyon also testified that Plaintiff filed a Massachusetts part-year resident return in 2007 showing residency in Massachusetts from September 1, 2007 until December 31, 2007. (Def's Ex D.)

Lyon testified that Plaintiff's timeline shows Plaintiff stayed in multiple hotels in multiple locations until September 2007. (Def's Ex B.) Lyon also testified that the only time Plaintiff did not stay at a hotel was the period between June 14 and June 17, 2007, where the timeline states that Plaintiff was at "Friend's House in Seattle, WA." (*Id.*) Lyon also testified that there is a gap between June 17 and July 4 where no places of stay

/ / /

are recorded. (*Id.*) Minniti stated that this gap is accounted for in Plaintiff's case log, showing that Plaintiff was in "Eureka, California, and Connecticut." (Def's Ex C; Ptf's Ex F.)

Lyon testified that ORS 316.207 defines residency as the "location where a person is domiciled." (Def's Ex E.) Lyon testified that OAR 150-316.027(1) establishes that an individual's domicile continues until the person intends to abandon it, acquires a new domicile, and actually resides in the new domicile. (Def's Ex F.) Lyon testified that temporary stays of short duration for a particular purpose are not considered permanent for purposes of establishing domicile. (Def's Ex F at 1.) Lyon asked Plaintiff if he had ever surrendered his Oregon driver's license, to which he testified that he surrendered his Oregon driver's license on July 18, 2008, for a Colorado state driver's license. Lyon testified that based on the evidence provided by Plaintiff, she concluded Plaintiff was domiciled in Oregon from January 1, 2007 until August 31, 2007.

## II. ANALYSIS

The two issues before the court are 1) Plaintiff's domicile prior to February 19, 2007, and 2) Plaintiff's domicile between February 19, 2007 and August 31, 2007.

A.     *Plaintiff's domicile prior to February 19, 2007.*

Plaintiff testified to being an Oregon resident between January 1, 2007 and February 18, 2007, and Plaintiff prepared his Amended Return listing these dates. However, Plaintiff argues that he was not an Oregon domiciliary during this time period. Because Plaintiff's claim for relief is based on his argument that he was not an Oregon domiciliary between February 19, 2007 and August 31, 2007, it is important to determine where Plaintiff was domiciled prior to February 19, 2007.

To answer the question of Plaintiff's domicile prior to February 19, 2007, the court will look to the general definition of what constitutes a domicile. The Oregon Supreme Court has defined domicile as consisting of two components, "a fixed habitation or abode in a particular place, and an intention to remain there permanently or indefinitely." *dela Rosa v. Dept. of Rev.,* 313 Or 284, 289, 832 P2d 1228 (1992) (citing *Elwert v. Elwert*, 196 Or 256, 265, 248 P2d 874 (1952)). Furthermore, every person has a domicile, and a person may have no more than one domicile at a time. *Zimmerman v. Zimmerman*, 175 Or 585, 591, 155 P2d 293 (1945); *see also* OAR 150-316.027(1)(a) ("[a] person can only have one domicile at a given time."). Three elements are required to change one's domicile: "(1) the person must establish a residence in another place; (2) [the person must] form an intent to abandon the old domicile; and (3) [the person must] intend to acquire a new domicile." *White v. Dept. of Rev.* (*White*), 14 OTR 319, 321 (1998); *see also* OAR 150-316.027(1)(a) ("[the old domicile] continues as the [person's] domicile until the person demonstrates an intent to abandon it, to acquire a new domicile, and actually resides in the new domicile."). Additionally, "[f]actors that contribute to determining domicile include family, business activities and social connections." OAR 150-316.027(1)(a).

Plaintiff provides no evidence to suggest that he establish his domicile between January 1, 2007 and February 18, 2007, in any state other than Oregon. Plaintiff also provides no evidence to suggest that his domicile prior to 2007 was in any state other than Oregon. For example, in the case of minor children, the law imposes the parent's domicile on the child. *Little v. Dept of Rev.*, 11 OTR 219, 221 (1989). Historically, this original starting domicile is referred to as the "domicile of origin." *See Pickering v.*

*Winch*, 48 Or 500, 509-10, 87 P 763 (1906). Even though Plaintiff is not a minor child, the evidence shows that Plaintiff's parents' domicile is Oregon, and that the law originally imposed Oregon as Plaintiff's domicile.

Because the court finds that Plaintiff's domicile prior to January 1, 2007, his "domicile of origin," was Oregon, Plaintiff's Oregon domicile continues until the requirements to change domicile are met. *See* OAR 150-316-027(1)(a) (previous domicile continues until new domicile is acquired). While Plaintiff argued that he was not domiciled at his parents' home and that his stay in his parents' home between January 1, 2007 and February 18, 2007, was temporary and transitory, this testimony does not show that he either acquired a new domicile or actually resided in a new domicile during this time period. *See White*, 14 OTR at 321 (stating requirements to change domicile). Because Plaintiff did not satisfy the requirements necessary to change his domicile between January 1, 2007 and February 18, 2007, Oregon remained as Plaintiff's domicile.

B.     *Plaintiff's domicile between February 18, 2007 and August 31, 2007.*

Plaintiff presents two arguments that he was not domiciled in Oregon between February 18, 2007 and August 31, 2007.

1.     *Plaintiff's intent was to renounce his domicile and to make each new location he resided in his new domicile.*

Plaintiff argues that he meets the Oregon statutory requirements for change of domicile. A resident is defined by ORS 316.027(1)(a) as an individual who is domiciled in the state unless the individual "(i) [m]aintains no permanent place of abode in this state; (ii) [d]oes maintain a permanent place of abode elsewhere; and (iii) [s]pends in the aggregate not more than 30 days in the taxable year in this state; * * *." The Oregon

Supreme Court has interpreted ORS 316.027(1)(a) to mean "if an individual is 'domiciled' in Oregon, then he or she is a 'resident' unless he or she can satisfy *all* three conditions under subsection (a)." *Dept. of Rev. v. Glass* (*Glass*), 333 Or 1, 4, 35 P3d 325 (2001) (emphasis in original) (citing *dela Rosa v. Dept. of Rev.*, 313 Or 284, 288-89, 832 P2d 1228 (1992)). Additionally, ORS 316.037(1)(a) states that Oregon "may tax an individual for income earned outside Oregon, if that individual was a 'resident of this state' at the time that the individual earned the income." *Glass*, 333 Or at 1.

Because the court has determined that Plaintiff was domiciled in Oregon as of January 1, 2007, the court must now determine if and when Plaintiff changed his domicile. First, "abode" must be distinguished from "domicile." In *Ramsey v. Dept. of Rev.*, the Tax Court clarified that where "abode" signifies a "building or shelter which is the dwelling place of a person" it is different from a domicile in that one individual "may have several residences (or abodes), but only one domicile, at any given time." 7 OTR 478, 481 (1978).

Second, while intent is an important factor when determining a change in domicile, residence in another place is required. *Glass*, 333 Or at 4-5. Furthermore, this residence must be "a *permanent place* of abode elsewhere." *Id.* at 5 (emphasis in original) (citing ORS 316.027(1)(a) (1991)). For example, in *Glass*, a taxpayer who did not maintain a residence in Oregon, and who spent less than 30 days in Oregon during each year, was still considered a domiciliary of Oregon because the taxpayer did not have a permanent residence elsewhere. *Id.* at 4-5. Furthermore, the taxpayer grew up in Oregon, never established another domicile elsewhere, nor maintained any substantial contacts with another state. *Id.*

Plaintiff argues that ORS 316.027 has five requirements to change domicile: 1) an intent to abandon an old abode, 2) an intent to acquire a specific new domicile, 3) a physical presence in a new abode outside the state of Oregon, 4) the retention of only one home/abode, and 5) the lack of a residence in Oregon during the year in question. (Ptf's Ex 1 at 3.) Plaintiff's interpretation of ORS 316.027 is contrary to both the language of the statute and subsequent interpretation by the Oregon Supreme Court.

Plaintiff clearly established a new domicile in Massachusetts on September 1, 2007. Plaintiff established this new domicile by leaving Oregon with the intent to acquire a new domicile, and by residing in a permanent place of abode in Massachusetts. In contrast, Plaintiff lacks the requisite "permanent place" to establish a domicile between the dates of February 17, 2007 and August 31, 2007. Plaintiff's situation is analogous to the taxpayer in *Glass*, in that Plaintiff's residency in a hotel does not constitute a "permanent place" necessary to establish a new domicile. Also similarly to *Glass*, Plaintiff appears to have been raised in Oregon, his parents live in Oregon, and Plaintiff did not attempt to establish a new domicile before January 1, 2007. While Plaintiff possessed both the requisite intent to leave Oregon and the requisite intent to find a new domicile, Plaintiff must also reside in a permanent place of residence in order to establish a new domicile.

Furthermore, the "permanent place" necessary to establish domicile is lacking in Plaintiff's claim that he attempted to establish domicile in Washington between the dates of June 14, 2007 and July 29, 2007, by looking for housing. Plaintiff's testimony does not establish that he was able to secure the necessary "permanent place," but only that he was "searching for available housing in Seattle and the surrounding area." (Ptf's Ex. 1 at

2.)  Furthermore, Plaintiff's case log shows that during this time period defendant was working in California on June 19, in Connecticut between June 25 and July 20, and in Virginia between July 23 and July 27. (Ptf's Ex F at 2.)  Additionally, the timeline submitted to Defendant by Plaintiff states that from July 4, 2007 until July 21, 2007, Plaintiff was staying at a hotel in Connecticut.  (Def's Ex B.)  Because of this discrepancy between Plaintiff's testimony and exhibits, the Court gives little weight to Plaintiff's claimed intent to find a residence in Washington state during the period between June 14, 2007 and July 29, 2007.

Plaintiff also does not meet the residency exception test for domiciliaries found in ORS 316.027(1)(a).  Because the Oregon Supreme Court in *Glass* has construed the statute as requiring all three prongs of the residency exception test to be met, failure to satisfy one prong results in the failure of the test in its entirety.  The evidence shows that Plaintiff did not maintain a permanent place of abode in Oregon between February 19, 2007 and August 31, 2007, satisfying the first prong.  Evidence also shows that Plaintiff did not maintain a permanent place of abode elsewhere, failing the second prong.  Finally, Plaintiff fails the third prong of the residency exception test by spending more than 30 days in Oregon during the 2007 tax year.  Because Plaintiff fails to satisfy all three prongs of the residency exception test, Plaintiff does not qualify for the residency exception provided for domiciliaries under ORS 316.027(1)(a).

2.       *Plaintiff's parents' residence in Oregon does not qualify as his tax home.*

Plaintiff argues that under Revenue Ruling 71-247 of the Internal Revenue Service, if a taxpayer does not have either a regular place of business or a regular place of abode, the taxpayer is considered an itinerant whose home is wherever the taxpayer

works.  (Ptf's Ex 1 at 2, H.)  Plaintiff also argues that under Revenue Ruling 73-529 of the Internal Revenue Service, there is a test to determine whether or not a taxpayer has a "home."  (Ptf's Ex 1 at 2, I.)  Lyon testified that these rules cited by Plaintiff refer to federal income tax rules for deducting business expenses and do not apply to questions regarding Oregon domicile.

Plaintiff reads the scope of Rev Rule 71-247 and Rev Rule 73-529 too broadly. Both rules clearly state that the definition of "home" is for purposes of the traveling expense deduction.  Additionally, both rules reference the rules as being applicable to the traveling expense deduction under IRC 162(a)(2).  (Ptf's Ex H.)  IRC 162(a)(2) refers to the deduction of traveling expenses from the taxable income of individuals and corporations.  Because IRC 162 does not address domicile as it pertains to Oregon law, the court will give this evidence little weight.

3.      *Burden of proof*

ORS 305.427 places the burden of proof in tax court proceedings upon the party seeking affirmative relief.  Plaintiff has failed to meet his burden regarding his claimed change of domicile between February 18, 2007 and August 31, 2007.  Because Plaintiff has failed to establish that he obtained a "permanent place" of residence outside of his Oregon domicile between the dates of February 18, 2007 and August 31, 2007, Plaintiff continued to be an Oregon domiciliary during this time.  Because Plaintiff was an Oregon domiciliary between February 18, 2007 and August 31, 2007, and because Plaintiff does not meet all three prongs for the residency exception provided by ORS 316.027(1)(a), Plaintiff was an Oregon resident under ORS 316.027(1)(a) between these dates.

/ / /

III. CONCLUSION

Based on careful review of the testimony and evidence, the court concludes that Plaintiff was domiciled in Oregon between January 1, 2007 and August 31, 2007, and was as an Oregon resident under ORS 316.027(1)(a). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal of Defendant's Notice of Deficiency for Tax Year 2007 is denied.

Dated this ___ day of January 2012

_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on January 11, 2012. The Court filed and entered this document on January 11, 2012.*