Argued and submitted April 11, 1990, reassigned May 12, judgment of Tax Court affirmed; motion to reconsider Supreme Court's order of dismissal denied June 5, 1992

Francisco A. dela ROSA,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 2749, 2933; SC S36064, S37622)
(Consolidated for Opinion)

832 P2d 1228

Francisco A. dela Rosa, appellant *pro se*, filed the briefs.

Rochelle Nedeau, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Peterson, Chief Justice,** Carson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices, and Graber, Justice pro tempore.

GRABER, J.

---

** Peterson, J., Chief Justice when case argued; Carson, C. J., Chief Justice when case decided.

## GRABER, J.

This opinion concerns two decisions of the Tax Court. In one case, the Tax Court held that taxpayer was subject to Oregon state personal income tax for tax year 1982, because he was a resident of Oregon, but held that taxpayer's challenges to assessments for tax years 1980, 1981, and 1983 were not properly before the Tax Court. *dela Rosa v. Dept. of Rev.*, 11 OTR 201 (1989). We affirm those holdings. In the second case, the Tax Court held that taxpayer was subject to Oregon state income tax for tax year 1984. (Unpublished opinion.) We do not review the merits of that holding, because taxpayer did not file a timely and proper notice of appeal in this court with respect to the second case.

### TAX YEAR 1980

Defendant Department of Revenue (the Department) canceled its 1980 assessment after discovering that it had not held a conference about the alleged deficiency within one year of taxpayer's request for a conference. For 1980, therefore, there was no remaining assessment for taxpayer to appeal and no substantive issue for the Tax Court to consider. The Tax Court did not err in not considering the 1980 tax year on the merits.

### TAX YEARS 1981 AND 1983

The Department dismissed taxpayer's appeals for 1981 and 1983 on the ground that he had not filed timely administrative appeals for those years. The Tax Court agreed and affirmed the opinion and order of the Department.

ORS 305.280(2) provides that an appeal to the Director of the Department of Revenue from any notice of assessment issued by the Department with respect to (among other things) personal income tax "shall be filed within 90 days from the date of the notice." ORS 305.275(4) provides (with exceptions not relevant here) that

"no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director."

*See Mullenaux v. Dept. of Revenue*, 293 Or 536, 539-40, 651 P2d 724 (1982) (analyzing and applying ORS 305.275(4)).

The Department issued the 1981 notice of assessment on April 8, 1985. Taxpayer appealed on November 4, 1985, over 200 days later.

■ The Department issued the 1983 notice of assessment on September 5, 1986. Taxpayer did not appeal the 1983 notice of assessment within 90 days after its issuance but, instead, seeks to rely on the *earlier* appeal dated November 4, 1985.

Taxpayer filed the 1981 appeal too late and the 1983 appeal too early. His only argument is that he misunderstood the appeal process. Both the 1981 and 1983 notices of assessment contained advice concerning taxpayer's appeal rights, however, and taxpayer does not challenge the adequacy or accuracy of the written instructions and notices that he received. The Tax Court did not err in holding that tax years 1981 and 1983 were not properly before it.

## TAX YEAR 1984

With respect to 1984, the Tax Court entered a judgment on September 11, 1990. Although taxpayer filed a variety of papers with this court, he did not file a notice of appeal from the Tax Court judgment concerning tax year 1984 until November 6, 1990 — 56 days after the Tax Court entered its judgment.

■ ORS 305.445 provides for appeal to this court from a final judgment of the Tax Court; "such appeals * * * shall be in accordance with the procedure in equity cases on appeal from a circuit court." Appeals in equity cases must be filed within 30 days after the entry of judgment. ORS 19.026(1). ORS 19.033(2)(b) provides that filing an appeal within the time prescribed by ORS 19.026(1) is a jurisdictional requirement. Thus, taxpayer's appeal was too late.

Because taxpayer appealed too late, this court is without jurisdiction to entertain his appeal. ORS 305.445; ORS 19.026(1); ORS 19.033(2)(b). *See also South Beach Marina, Inc. v. Dept. of Rev.*, 301 Or 524, 526-27, 724 P2d 788 (1986) (failure to file notice of appeal of Tax Court judgment within 30 days was a jurisdictional defect, citing ORS

305.445, ORS 19.026(1), and ORS 19.033(2)(b)); *Multistate Tax Commission v. Dow Chemical Co.*, 295 Or 831, 833, 671 P2d 108 (1983) (same).

By order dated December 11, 1990, this court dismissed taxpayer's appeal concerning tax year 1984 for want of jurisdiction. Taxpayer has moved for reconsideration of the dismissal. That motion is denied.

## TAX YEAR 1982

■    Taxpayer timely and properly appealed the notice of assessment for tax year 1982. Accordingly, we consider the merits of his claim with respect to that year.

The personal income tax laws of this state impose a tax "for each taxable year on the entire taxable income of every resident of this state." ORS 316.037(1)(a). The tax laws also define the term "resident of this state." In the year relevant to this appeal, ORS 316.027(1)[1] provided:

" 'Resident' or 'resident of this state' means:

"(a)   An individual who is domiciled in this state unless the individual (A) maintains no permanent place of abode in this state, (B) does maintain a permanent place of abode elsewhere, and (C) spends in the aggregate not more than 30 days in the taxable year in this state; or

"(b)   An individual who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than 200 days of the taxable year in this state is presumed to be a resident unless the individual proves that the individual is in the state only for a temporary or transitory purpose."

Under the foregoing statutes, a taxpayer's status as an Oregon resident is a condition of tax liability. In turn, one is a resident if:

(1)   one is domiciled in Oregon, *unless* one:

(a)   has no permanent place of abode in Oregon; *and*

---

[1] The statute was amended in 1987 to change the format of the section and to delete the presumption of residence. Or Laws 1987, ch 158, § 49. Neither change affects the issues in tax year 1982.

    (b)   has a permanent place of abode elsewhere; *and*

    (c)   spends less than 30 days in Oregon. ORS 316.027(1)(a).

*or*

    (2)   one is not domiciled in Oregon, but one:

    (a)   has a permanent place of abode in Oregon; *and*

    (b)   spends more than 200 days in Oregon. ORS 316.027(1)(b).

The key word in interpreting the reach of Oregon's personal income tax is "domicile." The tax statutes do not define the word "domicile," except through the negative admonition that one who has no permanent place of abode in Oregon, *and* has a permanent place of abode elsewhere, *and* spends less than 30 days in Oregon is not domiciled in Oregon. ORS 316.027(1)(a).

The concepts of "domicile" and "residence" are rooted in common law. This court's common law decisions explaining the word "domicile" require the two components of "a fixed habitation or abode in a particular place, and an intention to remain there permanently or indefinitely." *Elwert v. Elwert*, 196 Or 256, 265, 248 P2d 847 (1952). "Residence," at common law, was not synonymous with "domicile," the former merely indicating "a factual place of abode." *Zimmerman v. Zimmerman*, 175 Or 585, 590, 155 P2d 293 (1945). At common law, a person "can have but one domicile for one and the same purpose at any one time, though he may have numerous places of residence." *Reed's Will*, 48 Or 500, 508, 87 P 763 (1906).

In this case, however, we are interpreting a statute, rather than the common law. The legislature has made "resident" status the determining factor but has defined "resident," in part, by reference to "domicile." The relationship between these terms is thus different under the statute than it was at common law.

We turn now to an application of the law to the facts of this case, noting that the determination of residence under

the personal income tax statute depends on all the facts and circumstances. The Tax Court found the following facts:

"Plaintiff and his wife were originally from the Philippines but had emigrated to Canada in 1970. In July 1971 plaintiff, with his wife and two children, moved to Oregon. The reason for moving was to enable plaintiff's wife, who is a registered nurse, to obtain employment. Plaintiff is an electrical engineer. Plaintiff worked at less than satisfactory jobs until 1973 when he was hired by a firm headquartered in Kansas City. As an employee of that firm he worked approximately two years on the Portland airport. In 1976, plaintiff was transferred to Kansas City as a permanent employee. In that same year, he became a United States citizen. In 1977, he was sent to Alabama to supervise a major construction project. Plaintiff moved his family to Alabama and purchased a home there. Plaintiff tried but was unable to sell the family home in Portland. In 1979, plaintiff was sent to work in Brownsville, Texas, but his family remained in Alabama. Later in 1979, plaintiff was assigned to work on a project in Wyoming. Plaintiff and his wife decided that was a good time to move the family back to Oregon. Alabama had not been a satisfactory place for his family since his wife was unable to earn an acceptable income there and she also suffered from allergies. Accordingly, plaintiff and his wife sold their home in Alabama and moved back to their home in Portland. Later, they purchased another home in Portland as a personal residence which was closer to school for their children.

"Plaintiff worked in Wyoming most of 1980 and 1981. His employer furnished him airline tickets to travel to see his family, which he did about every six weeks. In December 1981, plaintiff resigned from his job with the Kansas City firm in order to find a job closer to his family. He obtained employment in the State of Washington and worked there until he was laid off in March 1983. Plaintiff was in Oregon, unemployed, from March until September 1983. In September 1983, plaintiff took a job with a company in Clinton, Illinois, although his family remained in Oregon. Plaintiff worked in Illinois until 1985 when he resigned in order to return to Oregon." *dela Rosa v. Dept. of Rev., supra,* 11 OTR at 201-02.

After reviewing the record *de novo,* ORS 305.445; ORS 19.125(3), we agree with and adopt those findings. We also find several additional facts that are significant to the question of taxpayer's domicile in 1982.

From the early 1970s to 1985, taxpayer demonstrated a pattern of returning to Oregon from his various places of employment. He owned two homes in Oregon before, during, and after the tax year in question. His family lived in those homes, both when he was in Oregon and when he was not. By contrast, taxpayer rented housing, for himself only, on a month-to-month basis when he was working outside Oregon.

Oregon was the only state in which taxpayer's wife could practice her profession. During 1982 (as well as at other times), taxpayer looked for work in Oregon so he could be with his family. From the time he took the Washington job in late 1981 until he was laid off in March 1983, taxpayer visited his family regularly in Oregon. He returned to live in Oregon with them, and collected unemployment benefits in Oregon, after the layoff.

Taxpayer had an Oregon driver's license during 1982. He prepared and signed an affidavit in 1982 stating that his permanent residence was in Portland, Oregon, since July 15, 1980.[2] Taxpayer and his wife filed a joint Oregon personal income tax return for 1982, and there is no evidence that he filed a state income tax return for 1982 in any other state.

On the basis of our findings, we conclude that taxpayer was domiciled in Oregon in 1982. We also conclude that the exception described in ORS 316.027(1)(a) does not apply to taxpayer. Taxpayer did "maintain a permanent place of abode in this state," ORS 316.027(1)(a)(A), and did not "maintain a permanent place of abode elsewhere," ORS 316.027(1)(a)(B), during 1982. Although the record does not clearly answer the question whether taxpayer spent an aggregate of 30 days or less in Oregon during 1982, taxpayer still did not come within the exception, because it requires all three conditions. Taxpayer was a resident of Oregon in 1982 within the meaning of the personal income tax law.

The judgment of the Tax Court is affirmed (OTC 2749; SC S36064). The motion to reconsider the Supreme Court's order of dismissal dated December 11, 1990, is denied (OTC 2933; SC S37622).

---

[2] The purpose of the affidavit was to try to support away-from-home expense deductions on taxpayer's federal income tax return.