DECISION
The issue in this case is whether Plaintiff was an Oregon resident in 2001, 2002, and 2003. Plaintiff asserts that she was a nonresident all three years and, as a result, her California-source retirement income cannot be taxed by Oregon. Defendant disagrees, insisting that Plaintiff was an Oregon resident and must pay taxes on her non-Oregon source income. Trial was held by telephone January 24, 2006. Plaintiff appeared on her own behalf. Defendant was represented by Bruce McDonald (McDonald), an auditor with the Department of Revenue.
 I. INTRODUCTION AND BACKGROUND
Plaintiff filed full-year Oregon resident returns for 2001 and 2002, and a part-year Oregon return for 2003. Plaintiff omitted her California-source retirement income on all three returns. Defendant audited those returns and determined that the California income should be reported on the Oregon returns because Plaintiff was an Oregon resident. Plaintiff appealed Defendant's Notices of Deficiency and an administrative hearing was held by Defendant on May 24, 2005. The conference officer issued a decision on June 21, 2005, concluding that Plaintiff was an Oregon resident for the three years at issue. The conference officer made certain favorable adjustments to the auditor's deficiencies for 2001 and 2002, decreasing the tax to pay for 2001 from $2,430 to $1,584, and for 2002 from $1,872 to $1,763. No changes were made to the 2003 auditor's report.
 II. THE PARTIES' POSITIONS
Plaintiff contends that she was domiciled in California in 2001 and 2002, initially sharing a residence with her daughter in Carmichael, California, and then, in November 2001, moving into an apartment above a garage at her son's house in El Dorado, California. Plaintiff argues that she became a resident of Arizona in May 2003, moving into a condominium she bought one month earlier.
Defendant counters that the evidence supports the conclusion that Plaintiff was an Oregon domiciliary for all three years. Defendant relies on the fact that Plaintiff owned a home in Oregon; had an Oregon driver's license and an automobile registered in this state; was registered to vote in Oregon; had Oregon bank accounts; and admitted to being a resident of Oregon, both on an Oregon residency questionnaire and on her 2001 California tax return.
 III. STATEMENT OF FACTS
Plaintiff lived and worked in California for slightly more than 33 years before retiring in May of 1993. Plaintiff owned five or six different homes in California during that time frame, the last of which was a three-bedroom home in Carmichael, California, which Plaintiff purchased in 1986.
Meanwhile, in 1978, Plaintiff purchased a beachfront lot in South Beach, Oregon, while on vacation in this state. Approximately six months later, Plaintiff had a manufactured home installed on the property. Shortly thereafter, most likely in 1979, Plaintiff's daughter Yvonne left California and moved into Plaintiff's Oregon property with her husband and children. Plaintiff was living in the home in Carmichael, California, at that time. Yvonne returned to California some 10 to 12 years later, after she and her husband divorced. When she left Oregon, Yvonne initially lived with a brother and sister-in-law in Southern California, but moved north to Carmichael, California, to live with her mother (Plaintiff) in 1991 or 1992. In November 1992, Plaintiff executed a deed conveying the Carmichael, California, property to herself and her daughter Yvonne as joint tenants. According to the sworn testimony, Yvonne began paying monthly rent to Plaintiff after moving into the Carmichael, California, home and eventually took over the mortgage payments on that property in 2002.
In mid-1993, Plaintiff moved into the South Beach, Oregon, home and began working in this state. On the residency questionnaire Plaintiff completed for Defendant during the audit process, Plaintiff refers to Oregon as her "home" and states: "I retired and moved here full time in 1993 from State of California where I worked for 33 years — I bought my `vacation' home in 1978 and moved here when it was paid off." (Def's Ex A-4.)
Between 1993 and 1999, Plaintiff worked for several different Oregon employers.[1] In calendar year 2000, Plaintiff began working for the Bureau of Land Management (BLM) in Oregon. That employment, which was temporary and seasonal, commenced sometime during the second quarter[2] of calendar year 2000. Plaintiff remained at that job until early October 2000. Plaintiff returned to the BLM job in 2001 and 2002, working in Oregon from roughly May through September each year. Plaintiff worked for BLM for a short time in 2003, but quit or was fired after several weeks due to health problems. Plaintiff had no other employment between 2000 and 2003. Additionally, Plaintiff collected Oregon unemployment between 1999 and 2003.
Plaintiff's son Frank owned a home in El Dorado, California, which is approximately 30 miles away from Carmichael. In 2000, he began building a three-car garage with an apartment upstairs. Plaintiff testified that it took two years to build the garage/apartment, and that, in fact, her son never actually finished the apartment. Plaintiff spent some time living in that apartment during the years at issue. Plaintiff testified that she moved in with her son in El Dorado in November 2001, and continued to live there through April 2003. However, on the residency questionnaire discussed above, Plaintiff stated: "I visited with my son in California, El Dorado at Christmas 2002
and stayed for two mos. looking for work in Calif. returned home (Oregon) to work." (Def's Ex A-2) (emphasis in original).
The evidence shows that Plaintiff obtained an Oregon driver's license in November 2000. Plaintiff bought a Buick automobile in Oregon in 2002 and registered that car in this state. Plaintiff was registered to vote in Oregon, although she could not recall when she registered. Plaintiff testified that, to her best recollection, she obtained the Oregon voter registration so she could vote in the 2000 presidential election. Plaintiff opened two bank accounts in Oregon: one in 1993 with the Newport branch of Bank of America; and another several years later, perhaps in 1995 or 1996, at the Newport branch of Bank of the West. Newport is approximately three miles north of South Beach. There is no evidence that Plaintiff had or opened any bank accounts outside Oregon from 1993 through 2003, although the two banks listed above have branches in California and Arizona. (Def's Ex A-2 through A-3.)
In April 2003, Plaintiff purchased a condominium in Arizona. Plaintiff withdrew some equity from the Carmichael, California, property (either through a refinance or an equity loan) for the down payment on the Arizona property.
Plaintiff filed a full-year Oregon resident return for 2001 and a 2001 nonresident California return (Form 540NR). On the 2001 California return, Plaintiff claimed to be then currently domiciled in Oregon. (Ptf's Ex I at 6.) And, in response to the question on the 2001 California return, "I left California on (enter date)," Plaintiff wrote "May 1993." (Id.) Plaintiff listed her Oregon mailing address as her home address on all three 2001 returns (the federal, and the Oregon and the California state returns).[3] Plaintiff again filed a full-year Oregon resident return and a California nonresident return for 2002. Plaintiff used her Oregon address on her 2002 Oregon return, but a Sun City, Arizona, address on her 2002 California return. Plaintiff used the same Arizona address on her 2002 federal return. (Ptf's Ex I at 11 through 16.) All of Plaintiff's 2003 returns have Plaintiff's Arizona address, although the 2003 California return initially had Plaintiff's Oregon address before being crossed out and replaced by the Arizona address. (Ptf's Ex I at 20.)
 III. ANALYSIS
Oregon imposes a personal income tax "on the entire taxable income of every resident of this state." ORS316.037(1)(a).[4] A "resident" is defined as "an individual who is domiciled in this state * * *." ORS 316.027(1)(a)(A). A person always has a domicile. See Zimmerman v. Zimmerman,175 Or 585, 591, 155 P2d 293 (1945) (citation omitted). But, whereas an individual can have many residences, he can have only one domicile at a time. See Ramsey v. Dept. of Rev., 7 OTR 478, 481
(1978).
There are two components to domicile: (1) "`a fixed habitation or abode in a particular place'" and (2) "`an intention to remain there permanently or indefinitely.'" dela Rosa v. Dept. ofRev., 313 Or 284, 289, 832 P2d 1228 (1992) (citing Elwert v.Elwert, 196 Or 256, 265, 248 P2d 847 (1952)). The simplest definition of domicile is that it is an "individual's true, fixed, permanent home." OAR 150-316.027(1)(1)(a). It is also considered "the place a person intends to return to after an absence." Id.
A. Did Plaintiff acquire an Oregon domicile?
The court concludes that Plaintiff became an Oregon domiciliary in 1993, when she retired from her full-time California employment, moved into her beachfront home on the Oregon coast, and began working in this state. That move came approximately one year after Plaintiff's daughter Yvonne moved in with Plaintiff in her (Plaintiff's) Carmichael, California, home. Moreover, Plaintiff acknowledged on Defendant's residency questionnaire that she moved to Oregon "full time in 1993" from California. Elsewhere on that form, Plaintiff referred to Oregon as her "home" and states that she "moved here" when she paid off the Oregon home.
Plaintiff insists that the Oregon property was merely a vacation home used by the family after her daughter Yvonne moved out around 1991. Plaintiff asks the court to ignore the information she provided on Defendant's residency questionnaire, because she was under a great deal of stress due to her own heart-related medical problems and the hospitalization of her son following a motorcycle accident in March 2004.
Although Plaintiff came across as a credible witness, she was not entirely forthright with the court during the trial. For example, Plaintiff testified that she began working in Oregon in 2000 to cover the costs associated with protecting her Oregon beachfront home from damage due to wind and water. However, Plaintiff neglected to tell the court that she had been working in Oregon since 1993. That omission, brought to light by Defendant's representative McDonald during the presentation of his case-in-chief, left the court with the impression that Plaintiff was concealing the extent of her Oregon ties. In addition, when asked by the court why she claimed to be an Oregon domiciliary on her 2001 California return, Plaintiff testified that she "just said that" so she would not have to pay California taxes on her Oregon wages.[5] That testimony revealed that Plaintiff has no qualms about lying to gain a perceived tax advantage. Plaintiff may well have been under considerable stress when she completed the questionnaire, but the court believes that her answers on the questionnaire were forthright and honest and that Plaintiff's subsequent testimony at trial was colored by her increased awareness of the relevant tax laws. As a result, the court will resolve discrepancies between the written materials submitted into evidence and Plaintiff's trial testimony in favor of the earlier written statements unless there is independent corroborating evidence to support the testimony.
B. Did Plaintiff abandon her Oregon domicile?
Once domicile is established or determined to be in a particular location, it remains there until a person establishes a new domicile. See Doyle v. Doyle, 17 Or App 529, 532,522 P2d 906 (1974). Thus, the next question is whether Plaintiff abandoned her Oregon domicile before or during any of the tax years at issue.
Domicile is made up of residence and intention. See Elwert,196 Or at 265. "The dominant factor in the change of domicil is intention. To constitute a change three things are essential: (1) residence in another place, (2) an intention to abandon the old domicil, and (3) an intention to acquire a new domicil." Id.,citing Kelley v. Kelley, 183 Or 169, 184, 191 P2d 656 (1948). The department's administrative rule, OAR 150-316.027(1)(1), concurs, providing in relevant part:
 "(a) * * * A person can only have one domicile at a given time. It continues as the domicile until the person demonstrates an intent to abandon it, to acquire a new domicile, and actually resides in the new domicile."
The term "residence" as used in the three-part test set out above is synonymous with abode or dwelling place. See Ramsey,7 OTR at 481. "There is a general understanding that [abode] signifies a building or shelter which is the dwelling place of a person." Id. And, although an individual may have many residences (or abodes), he can have only one domicile at a time.See id.; see also OAR 150-316.027(1)(1)(a).
Plaintiff had multiple abodes. In addition to her Oregon home, Plaintiff had a home in California that she acquired in 1986, and, in April 2003, she acquired a condominium in Arizona. Thus, Plaintiff clearly had a residence in another place; the question then becomes whether she intended to abandon her Oregon domicile in favor of California and/or Arizona.
It is Plaintiff's contention that she maintained a permanent place of abode with her daughter in Carmichael, California, from January 1, 2001 through October 2001. Plaintiff insists she then moved to the apartment over the garage at her son's home in El Dorado, California, in November 2001, thereby establishing another permanent place of abode. Plaintiff asserts that she was domiciled in California until May 2003, when she moved into her condominium in Arizona and became a resident of that state. Plaintiff insists that her trips to Oregon were temporary each year.
The court cannot accept Plaintiff's opinion of her residency status, because the determination in the context of a tax dispute involves a legal question governed by intent, and the court must make its determination based on the relevant facts and circumstances. See dela Rosa, 313 Or at 289-290.
Plaintiff registered to vote in Oregon in 1999 or 2000. Plaintiff obtained an Oregon driver's license in 2000, and she bought a car in Oregon in 2002 which she registered in this state. Plaintiff filed Oregon resident returns in 2001 and 2002. Plaintiff declared Oregon as her state of residency on her 2001 California nonresident return and further indicated on that return that she left California in May 1993. Plaintiff has a history of timely filings and the court assumes that the 2001 California return was filed on or before the April 15, 2002, deadline. There is no indication in the record that Plaintiff was under any undue stress at that time. Moreover, the information on the 2001 California return coincides with the statements Plaintiff made on Defendant's residency questionnaire several years later. On that questionnaire, Plaintiff explained that she bought a condominium in Arizona "to spend my winters because 
the weather [in Oregon] is too wet and cold for me to survive." (Def's Ex A-4.) On the next page of that form, Plaintiff described herself as a "Snowbird" for 2004, explaining that she "will spend 6 mos in Oregon then 6 mos in Arizona." (Id. at A-5.) Plaintiff's testimony that she lived with her son from November 2001 through April 2003 is contradicted by information in the questionnaire, on which Plaintiff explained she "visited" her son in California for Christmas in 2002 before returning "home" to Oregon after two months. (Id. at A-2.) Additionally, Plaintiff worked in this state from 1993 through mid-2003, although the employment was only seasonal from 2000 through 2003, and she collected Oregon unemployment benefits in 1999, 2000, 2001, 2002, and 2003.
The fact that some of Plaintiff's bank statements were mailed to her California home during the years in question, and that Plaintiff used an Arizona address on her 2002 California return and on all three of her 2003 returns is not dispositive and is outweighed by the independent evidence of intent discussed above.
Oregon law places the burden of proof on Plaintiff to establish by a preponderance of the evidence that she was not a resident of Oregon, domiciled in this state, for the tax years at issue.See ORS 305.427. Plaintiff has not met her burden of proof. Plaintiff has not adequately demonstrated that she abandoned her Oregon domicile before 2003, and the court concludes that she remained a resident of Oregon throughout 2003, in spite of the time Plaintiff may have spent in Arizona that year.
Plaintiff must understand that the determination of residency is a legal question and is based primarily on intent rather than presence in a particular state. As such, the mere fact that Plaintiff spends some of her time living outside of Oregon does not render her a part-year Oregon resident (or a nonresident). As explained above, once Plaintiff became an Oregon resident, she retained her Oregon residency until she abandoned her domicile in this state and intentionally established a new domicile elsewhere. Until that intent is manifested, Plaintiff's homes in other states are merely additional residences where she spends part of her time each year.
 III. CONCLUSION
The evidence shows that Plaintiff became a resident of Oregon in 1993, when she retired from her full-time career employment in California and moved to her home in Oregon. Plaintiff did not persuade the court that she abandoned her Oregon domicile at any time before the end of 2003. Accordingly, the court concludes that Plaintiff remained a resident of this state through 2003. As an Oregon resident, Plaintiff's California-source retirement income for 2001, 2002, and 2003 is subject to tax by this state. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff was an Oregon resident for tax years 2001, 2002, and 2003, and her California-source retirement income for those years is subject to Oregon tax. Accordingly, Plaintiff's appeal is denied.
[1] Plaintiff worked as a bookkeeper for owners of a pizza parlor and in an unspecified position at Wal-Mart.
[2] Defendant divides the calendar year into four even quarters. The second quarter begins in April and ends June 30.
[3] No mailing address appears on Plaintiff's 2001 California return. However, on April 19, 2004, the California Franchise Tax Board sent a Notice of Proposed Assessment for 2001 to Plaintiff at her Oregon address. (Ptfs Ex I at 8.)
[4] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2001.
[5] Plaintiff's statement reveals the misunderstanding of the operation of the tax laws. Oregon and California have a reciprocity agreement pursuant to which the taxes are paid to the state of a residency, and the nonresident state from which the income is earned allows a credit for taxes paid to the other state. The Oregon statute is ORS 316.131.