DECISION
Plaintiff appealed Defendant's Notice of Determination and Assessment for the 2007 tax year, stating that he "was not an Oregon resident" during the tax year at issue. (Ptf's Compl at 1.) A telephone trial was held in this matter on May 11, 2011. James D. Chadwick (Chadwick), licensed tax consultant, appeared and testified on behalf of Plaintiff. Plaintiff was available during the trial but did not testify. When the court inquired as to whether Plaintiff would testify, Chadwick declined, stating "if something specific happens and we need to ask him to testify, that would be fine." David Lenhart (Lenhart), tax auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibits A through E were received without objection. Defendant's Exhibits A through E were received without objection.
 I. STATEMENT OF FACTS
Chadwick testified that, in 2004, Plaintiff married a Washington resident and purchased a residence in West Richland, Washington. (See Ptf's Ex D.) In both 2004 and 2005, Plaintiff filed Oregon nonresident returns based on some Oregon source income. (Id.) In 2006, Plaintiff divorced and moved to a new residence in Pasco, Washington. (Id.) Chadwick testified that Plaintiff did not file an Oregon nonresident return in either 2006 or 2007 because he had no *Page 2 
Oregon source income in those years. (Id.) Plaintiff purchased a home in Oregon on May 22, 2008, and moved back to Oregon. (Ptf's Compl at 2.) Chadwick testified that Plaintiffs return to Oregon in 2008 was for "personal" rather than "business" reasons. Chadwick testified that, in the years prior to 2008, Plaintiffs intention was not to return to Oregon. Chadwick testified that Oregon "was not a part of [Plaintiffs] life."
Plaintiff operates a flooring business, Two Rivers Flooring. (See generally Ptf's Ex E.) Chadwick testified that Plaintiff is licensed to do business in both Oregon and Washington. He testified that, during some years, Plaintiff did business in both states, but in other years, such as 2006 and 2007, Plaintiff did business only in Washington. Chadwick testified that 2007 was "an exceptional year" for Plaintiffs business; he obtained a contract with WC Construction to work on "a big housing complex" in Walla Walla, Washington. Lenhart testified that he researched Plaintiffs federal adjusted gross income for 2007 and discovered it to have been $133,977; Lenhart testified that he had not "investigated whether Plaintiff had Oregon source income or not in 2007." (See Def's Ex B.[1])
Chadwick testified that Plaintiff had only one home in 2007 and it was in Washington. Plaintiff provided a sampling of bills and other financial documents from 2007, listing Plaintiffs address as "803½ N 3rd Ave., Pasco, WA 99301." (Ptf's Ex E.) Chadwick testified that Plaintiffs "business and residence were the same location." The dates of the documents provided range from January 2007 through December 2007 and include invoices related to Plaintiffs business, residential utilities bills, and phone bills. (Id.) Plaintiff did not provide *Page 3 
any bank statements, but Chadwick testified that Plaintiff has "been with Bank of America for 20 years."
Chadwick testified that Plaintiff received a residency questionnaire from Oregon during the course of the audit and that Plaintiff had responded to that questionnaire. Chadwick testified that Plaintiff never received any comment or other response from Oregon; the next thing that Plaintiff received after the questionnaire was "a bill."
Lenhart testified that Plaintiff filed Oregon resident returns in 2003, 2008, and 2009. Lenhart testified concerning Plaintiff's contacts with Oregon in 2007: Plaintiff had a valid Oregon driver license that was issued in 2003, and would expire on June 9, 2011; and Plaintiff maintained a business, Two Rivers Flooring, registered in Oregon. (Def's Exs C, D.) The business registry for Plaintiff's business identifies Plaintiff as the authorized representative and lists Plaintiff's address as "5200 Jacksnipe Ct, West Richland, WA 99353," with a "start date" of September 10, 2004. (Def's Ex D.) Lenhart testified that "it is unclear whether the [Oregon driver license] was given up to obtain a new state license," but it does not appear that it was. Lenhart was not aware if Plaintiff was registered to vote in Oregon.
Lenhart testified that Defendant "never investigated or considered [Plaintiff's] residency for [2004, 2005, or 2006] because [Defendant] did not audit those tax years." Lenhart speculated that Defendant audited 2007 because Plaintiff filed an Oregon resident return in 2008, but he testified that he did not have personal knowledge of earlier stages of the audit because he was not the auditor responsible for the case at that time. During his closing statement, Lenhart's stated "I think [Chadwick's] testimony is truthful and accurate." *Page 4 
 II. ANALYSIS
Oregon imposes a state income tax on every resident of Oregon and every nonresident with Oregon source income. ORS 316.037(1), (3).[2] "Resident" is defined by statute as:
 "(A) An individual who is domiciled in this state unless the individual:
 "(i) Maintains no permanent place of abode in this state;
 "(ii) Does maintain a permanent place of abode elsewhere; and
 "(iii) Spends in the aggregate not more than 30 days in the taxable year in this state[.]"
ORS 316.027(1)(a)(A).
Plaintiff did not maintain a permanent place of abode in Oregon and did maintain one elsewhere, in Washington. However, the court did not receive any evidence concerning the number of days that Plaintiff spent in Oregon in 2007 and cannot conclude that Plaintiff was not an Oregon resident based on the three requirements listed in ORS 316.027(A)(i) — (iii). Thus, the issue before the court is whether Plaintiff was "domiciled" in Oregon in 2007.
A. Rules of evidence in the Magistrate Division of the OregonTax Court
The question of domicile relies on numerous facts of which only the taxpayer typically has personal knowledge and requires the court to determine the intent of the taxpayer. Accordingly, testimony by the taxpayer is critical in cases involving a question of domicile.See, e.g., Hudspeth v. Dept. of Revenue,4 OTR 296, 301 (1971) (finding a change in domicile based primarily on the taxpayers' testimony). In this case, Plaintiff was available during the telephone trial and observed the entire trial, but Chadwick declined to call Plaintiff as a witness. Lenhart did not call Plaintiff as a witness or otherwise request that Plaintiff answer any questions. *Page 5 
Furthermore, Lenhart stated in his closing that he considered Chadwick's testimony on behalf of Plaintiff "truthful and accurate."
Hearsay and testimony that is not based on personal knowledge is rarely given weight by the Magistrate Division. However, magistrates are "not bound by common law or statutory rules of evidence * * * and may conduct the hearing in any manner that will achieve substantial justice." ORS 305.501(4)(a). Here, Chadwick provided testimony that was not questioned or contradicted by Lenhart; indeed, Lenhart stated that he considered the testimony "truthful and accurate." The court found Chadwick to be credible. Additionally, Plaintiff was available during the trial should Lenhart have wished to call Plaintiff as a witness. Under those circumstances, the court finds Chadwick's testimony to be reliable in this case.
B. Domicile
Residency is equated with the concept of domicile. ORS 316.027(A). Domicile is a common law concept comprised of two components: "a fixed habitation or abode in a particular place and an intention to remain there permanently or indefinitely." dela Rosa v. Dept. ofRev., 313 Or 284, 289, 832 P2d 1228 (1992). "The law is also clear that once domicile is established or determined to be in a particular location, it remains there until the person establishes a new domicile." Duncan v. Dept. of Rev., 1998 WL 792454, TC No 4315 (Nov 3, 1998).
To effect a change of domicile, "three elements are necessary: (1) the person must establish a residence in another place; (2) form an intent to abandon the old domicile; and (3) intend to acquire a new domicile." White v. Dept. ofRev., 14 OTR 319, 321 (1998) (citation omitted). "[D]etermination of an individual's domicile is based on intent supported by facts *Page 6 
and circumstances rather than merely the statements of the individual." Butler v. Dept. of Rev., TC-MD No 050801D, WL 2041284 at *4 (July 18, 2006) (citations omitted). Oregon Administrative Rule (OAR) 150-316.027(1)(1)(a) defines "domicile" as:
 "[T]he place an individual considers to be the individual's true, fixed, permanent home. Domicile is the place a person intends to return to after an absence. A person can only have one domicile at a given time. It continues as the domicile until the person demonstrates an intent to abandon it, to acquire a new domicile, and actually resides in the new domicile. Factors that contribute to determining domicile include family, business activities and social connections."
Plaintiff has the burden of proving by a preponderance of the evidence that he was not domiciled in Oregon in the 2007 tax year. ORS 305.427.
1. Residence in Washington
"[A] residence for purposes of the [three-part] test is simply an abode. * * * [A]n abode is `any physical building, structure, or vehicle in which the taxpayer lives and sleeps.'"Bleasdell v. Dept. of Rev.,18 OTR-MD 354, 361 (2004) (citation omitted). The uncontroverted testimony indicates that Plaintiff established a "residence" in Washington when he purchased a home in West Richland, Washington in 2004. In 2006, Plaintiff divorced and moved to a new residence in Pasco, Washington, where he resided until purchasing a home in Oregon in May 2008. Plaintiff provided various bills and other statements from 2007 consistently listing his address as Pasco, Washington.
2. Intent to abandon Oregon domicile
Based on the testimony presented by both Chadwick and Lenhart, Plaintiff's contacts with Oregon in 2007 appear minimal. Most important, there is no evidence that Plaintiff maintained a residence of any kind in Oregon: Chadwick testified that, during the 2007 tax year, Plaintiff had only one home and that it was in Pasco, Washington. Plaintiff maintained business licenses in both Oregon and Washington but, based on Chadwick's testimony, did business only *Page 7 
in Washington in 2007. The only Oregon contacts identified by Defendant were Plaintiff's Oregon driver license, issued in 2003, and Plaintiff's business, registered in Oregon in 2004.
3. Intent to acquire Washington domicile
"Typically, the purchase of a home coupled with a job in a given locale is sufficient to establish domicile in that state."Backman v. Dept. of Rev., 16 OTR-MD 156, 162 (1999). Here, Plaintiff purchased a home in Washington in 2004 when he married a Washington resident. He did not maintain a home in Oregon. Chadwick testified that Plaintiff was licensed to do business in both Washington and Oregon, but did business only in Washington in 2006 and 2007. Based on the testimony and evidence presented, Plaintiff likely became a Washington domiciliary in 2004 and there is no evidence suggesting that Plaintiff abandoned his Washington domicile earlier than 2008, when he purchased a residence in Oregon.
As indicated by case law and the administrative rule, determination of a taxpayer's domicile requires consideration of numerous factors to ascertain the intent of the taxpayer. Such factors may include the location of family members, employment, membership in organizations, professional licenses, driver licenses, vehicle registration, voter registration, bank accounts, hunting and fishing licenses, and farming activities. See, e.g.,Brueske v. Dept. of Rev., TC-MD No 090020D (Mar 3, 2010). In this case, the court has received relatively little information concerning those factors. Chadwick testified that Plaintiff filled out a residency questionnaire for Defendant addressing some of those factors. The information provided in that questionnaire would be helpful to the court to paint a picture of the events that occurred in 2007 and determine Plaintiff's domicile. However, the court did not receive a copy of that questionnaire. *Page 8 
The facts before the court suggest that Plaintiff was a Washington domiciliary: Plaintiff had maintained a residence in Washington since 2004; Plaintiff did not maintain a residence in Oregon in 2007; Plaintiff maintained business connections with both states, but only did business in Washington in 2007; and Plaintiffs 2007 mailing address was in Washington. Plaintiffs connections with Oregon in 2007 were both established several years prior to 2007: the Oregon driver license was issued in 2003 and the business was registered in 2004. Although those connections had not been severed by 2007, they do not indicate an intent to return to Oregon.
 III. CONCLUSION
Plaintiff has met his burden of proof and established that he was domiciled in Washington rather than Oregon in 2007. Plaintiff was not, therefore, an Oregon resident during tax year 2007. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is granted.
Dated this ___ day of July 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on July 13, 2011. The Court filed and entered this documenton July 13, 2011.
[1] Def's Ex B includes a hand-written reference to the year "2008." Chadwick and Lenhart both testified that the reference should have been to 2007.
[2] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2005.

 *Page 1