IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

SPENCER K. STEWART )
and ELYSE M. STEWART, )
)
   Plaintiffs, )  TC-MD 150406D
)
  v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
   Defendant. )  **FINAL DECISION OF DISMISSAL**

   This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal, entered January 25, 2016. The court did not receive a statement of costs and

disbursements within 14 days after its Decision of Dismissal was entered. *See*

TCR-MD 16 C(1).

   This matter came before the court on Defendant's Motion to Dismiss (Motion) on the

ground that Plaintiffs appealed from a notice of deficiency, not from an assessment as required

by ORS 305.265(15) and ORS 305.280.

   Defendant filed its Motion on January 6, 2016, and mailed it and e-mailed to Plaintiffs on

the same day. Service on Plaintiffs is deemed to have been completed three days after e-mailing.

*See* TCR-MD 3 A(2).[1] January 9, 2016, fell on a Saturday; therefore, service is deemed to have

been completed on January 11, 2016. *See* TCR-MD 3 B; TCR A(4).[2] More than 10 days have

now elapsed since service of Defendant's Motion and the court has not received a response from

Plaintiffs. *Cf*. TCR-MD 7 D.

---

[1] Tax Court Rule – Magistrate Division (TCR-MD)

[2] Tax Court Rule (TCR)

Plaintiffs attached a notice deficiency dated July 23, 2015, to their Complaint. Defendant alleges in its Motion that no subsequent assessment notice was issued.

ORS 305.265(15) provides:

"Appeal may be taken to the tax court from any *notice of assessment*. The provisions of this chapter with respect to appeals to the tax court apply to any deficiency, penalty or interest assessed."

(Emphasis added.)

ORS 305.275(1) provides, in pertinent part:

"(1) Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:

"(a) The person must be aggrieved by and affected by an act, omission, order or determination of:

"(A) The Department of Revenue in its administration of the revenue and tax laws of this state;"

"* * * * *

"(c) There is no other statutory right of appeal for the grievance."

ORS 305.260 provides that after the Department of Revenue mails a notice of deficiency, a taxpayer who disagrees with the notice may request a conference within 30 days or provide a written objection. ORS 305.260(6),(7). In this case, Defendant's motion states that Plaintiffs "did not avail themselves of further administrative remedies" and instead directly appealed the notice of deficiency to this court.

Plaintiffs appealed before issuance of a deficiency assessment, and to date, there has been no assessment. The lack of assessment means that at the time Plaintiff filed the complaint, and at the time of Defendant's motion, Plaintiffs had no right of appeal under ORS 305.265(15). Likewise, Plaintiffs had no right of appeal under ORS 305.275(1) because there was another

"statutory right of appeal for the grievance" under ORS 305.265(15). *See* ORS 305.275(1)(c).

Plaintiffs' appeal for the tax year 2012 was filed prematurely and should be dismissed. *See*

*dela Rosa v. Dept. of Rev.,* 313 Or 284, 287, 832 P2d 1228 (1992). Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Plaintiffs' appeal is dismissed.

Dated this ____ day of February, 2016.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by* <u>*mailing*</u> *to: 1163 State Street, Salem, OR 97301-2563; or by* <u>*hand delivery*</u> *to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within* <u>*60*</u> *days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 11, 2016.*