IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

TONY A. SEGHETTI,                              )
                                               )
                Plaintiff,                     )      TC-MD 150407C
                                               )
        v.                                     )
                                               )
DEPARTMENT OF REVENUE,                         )
State of Oregon,                               )
                                               )
                Defendant.                     )      **FINAL DECISION**

This Final Decision incorporates without change the court's Decision, entered May 3,

2016. The court did not receive a statement of costs and disbursements within 14 days after its

Decision was entered. *See* TCR-MD 16 C(1).

Plaintiff appeals Defendant's Notice of Determination and Assessment, dated

July 20, 2015, for the 2010 through 2012 tax years. A trial was held in the Oregon Tax

Courtroom on December 20, 2015, in Salem, Oregon. Mary Sykes appeared on behalf of

Plaintiff. Colleen Suiter (Suiter) and Tony Seghetti (Seghetti) testified on behalf of Plaintiff.

Debbie Smith appeared on behalf of Defendant. Plaintiff's Exhibits 1 through 28 were received

without objection. Defendant's Exhibits A and B were received without objection.

## I. STATEMENT OF FACTS

Defendant issued its Notice of Determination and Assessment alleging that Plaintiff was

an Oregon resident and failed to file state income tax returns for the 2010 through 2012 tax

years. Plaintiff asserts he was not domiciled in Oregon and was not required to file Oregon state

income tax returns for those years.

Plaintiff was born and raised in Oregon and lived there with his parents until the mid-

1970's when he joined the military. In December 1980, Plaintiff moved to Alaska for work. He

registered to vote, bought property, established a bank account, and obtained a driver's license in Alaska. (Ptf's Ex 4, 10.) He worked for Crowley Maritime Corp. as a deckhand, in Valdez, Alaska, from August 4, 1989, through the tax years at issue. (Ptf's Ex 2.) Plaintiff's work schedule consisted of a rotation of eight weeks on and eight weeks off; until October 2014, when it changed to a four week rotation. (*Id.*) Plaintiff met a woman in Alaska and married her in Colorado in 1990. (Ptf's Ex 3.) The marriage certificate identifies that both Plaintiff and his spouse were "of Anchorage, Alaska." (*Id.*) In 1991, Plaintiff's first child was born in Anchorage, Alaska. (Ptf's Ex 6.) In 1995, Plaintiff's twins were born in Colorado. (Ptf's Ex 7, 8.) Plaintiff and his spouse bought a house and raised their children in Colorado while he continued to work in Alaska. Plaintiff testified that he once filed a state tax return in Colorado, but it was rejected because his earnings were considered out of state.

Plaintiff testified that he separated from his wife in 2002 and moved back to Alaska. In October 2002, Plaintiff rented a place from Scot Adams for $750 per month and paid by a check drawn from the Alaska Federal Credit Union. (Pft's Ex 10.) Plaintiff testified that he used either his mother's Post Office Box in Oregon or his sister's address in Washington while going through his divorce because he could not get mail while he was at sea. Additionally, his mother and sister could keep him informed on the status of his divorce case and pay his bills. Plaintiff lived with Bruce Griggs, in "off the grid" housing, in Copper Center, Alaska from January 1, 2004, through November 15, 2013. (Ptf's Ex 12.) He did not own a car in Alaska, but obtained rides from co-workers or used a snowmobile. Plaintiff testified that everything he owned, except a few vehicles, were with him in Alaska.

Based on Plaintiff's work schedule, he was able to travel extensively during his long work breaks. He traveled frequently to Oregon, spending 45 to 60 days per year in the state. He

also traveled to Washington to visit his sister, to Colorado to visit his children, and to other states for recreation. Plaintiff testified that he bought several vehicles and registered them in Oregon as follows:

| Vehicle | Registered |
|---|---|
| 1984 32' trailer | 2004 |
| 1989 Mercury Cougar | 2002 |
| 2000 Sunny trailer | 2012 |
| 2008 Motorcycle | 2010 |
| 2004 Honda Civic | 2014 |
| 2005 Dodge pickup | 2005 |

(*See also,* Def's Ex B.)

In 2010, Plaintiff bought a Harley Davidson motorcycle and a trailer in Oregon. Plaintiff testified that the motorcycle dealer would not release the vehicle to him until he first obtained an Oregon Driver's License. He obtained an Oregon Driver's License on May 6, 2010, and picked up the motorcycle which was also registered in Oregon. Plaintiff testified that he kept the motorcycle in the trailer parked in Oregon, at his mother's house or at a friend's house, for use in "the lower 48" because Alaska's weather and road conditions were too harsh for riding.

Plaintiff filed 2010 through 2013 federal tax returns using a Post Office Box in Alaska. (Ptf's Ex 17-20.) During the tax years at issue Plaintiff did not seek benefits from the Alaska Permanent Fund. Plaintiff testified that he did not do so because of his pending support obligations would have made the effort more trouble than it was worth.

Several years ago Plaintiff met a woman who lived in Oregon and maintained a long-term relationship while he was working in Alaska. In the summer of 2013, Plaintiff decided to move to Oregon to be with her. Plaintiff made an offer on a house in Oregon in December of 2013 and closed escrow in January of 2014. Plaintiff continued to work in Alaska but filed an Oregon

/ / /

income tax return for 2014. Plaintiff was not registered to vote in Colorado or Oregon during the tax years at issue.

Suiter testified that she is Plaintiff's mother, is retired, and lives in Winston, Oregon. She typically spends winters in Arizona. She has always received mail for her Winston property at a Post Office Box and allows her son to do so as well. Suiter testified that Plaintiff has not lived with her in Oregon since he began working in Alaska in 1980.

## II. ANALYSIS

At issue in this case is whether Plaintiff was domiciled in Oregon during the 2010 through 2012 tax years. Oregon imposes a state income tax on every Oregon resident and every nonresident with Oregon source income. ORS 316.037(1), (3).[1] Oregon imposes a tax on all of the taxable income of Oregon residents, "even income earned from sources outside of this state, unless explicitly exempted." *Hillenga v. Dept. of Rev.*, 21 OTR 396 (2014)(*rev'd on other grounds*, 358 Or 178 (2015)). In this case, Defendant alleges that Plaintiff was an Oregon resident whose out of state income was subject Oregon state income tax.

ORS 316.027(1)(a) defines "resident" as:

(A) An individual who is *domiciled* in this state unless the individual:
(i) Maintains no permanent place of abode in this state;
(ii) Does maintain a permanent place of abode elsewhere; and
(iii) Spends in the aggregate not more than 30 days in the taxable year in this state; or
(B) An individual who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than 200 days of the taxable year in this state unless the individual proves that the individual is in the state only for a temporary or transitory purpose.

ORS 316.027 (emphasis added.)

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2009 and 2011 editions. The 2009 edition applies to Plaintiff's appeal of the 2010 and 2011 tax years. The 2011 edition applies to Plaintiff's appeal of the 2012 tax year. The text of the rules cited is the same for both editions, unless otherwise noted.

The Oregon Supreme Court has defined domicile as consisting of two components, "a fixed habitation or abode in a particular place, and an intention to remain there permanently or indefinitely." *dela Rosa v. Dept. of Rev.,* 313 Or 284, 289, 832 P2d 1228 (1992) (citing *Elwert v. Elwert,* 196 Or 256, 265, 248 P.2d 874 (1952)). Every person has a domicile, and while a person may have more than one residence, a person may have no more than one domicile at a time. *Zimmerman v. Zimmerman,* 175 Or 585, 591, 155 P2d 293 (1945). A person's domicile remains that person's domicile until that person establishes a new domicile at a different location. *Davis v. Dept. of Rev.*, 13 OTR 260, 264 (1995). Domicile is a question of fact that taxpayer has the burden of proving by a preponderance of the evidence. ORS 305.427. "Because the criteria governing domicile are unavoidably subjective, the court cannot simply rely on the potentially self-serving testimony of the person or persons concerned; the question must be answered by reference to the objective circumstances and the overt acts of the person or persons at issue." *Hillenga*, 21 OTR at 401 (citing *Hudspeth v. Dept. of Rev.,* 4 OTR 296, 298 (1971)).

A.    *Whether Plaintiff Established a Residence in Oregon*

The first requirement necessary to establish domicile is a fixed habitation or abode. An abode is synonymous with a residence and "signifies a building or shelter which is the dwelling place of a person." *Ramsey v. Dept. of Rev.,* 7 OTR 478, 481 (1978). A person may have many residences but only one domicile. *Id.* According to the administrative rule, a permanent place of abode is

> "a dwelling place permanently maintained by the taxpayer. * * * To constitute a permanent place of abode, the taxpayer must maintain a fixed place of abode over a sufficient period of time to create a well-settled physical connection with a given locality.

> * * * * *

/ / /

> A place of abode * * * is not deemed permanent if it is maintained only during a temporary stay of short duration for the accomplishment of a particular purpose."

OAR 150-316.027(1)(b),(b)(D)

Plaintiff testified that when he was not working out on the boat; he maintained a fixed residence "off the grid" in Copper Center, Alaska from January 1, 2004, through November 15, 2013. His testimony is corroborated by a notarized statement from his housemate. (*See* Ptf's Ex 12.) Defendant provided evidence that Plaintiff maintained vehicles and trailers in Oregon and used them as overnight dwellings during his trips. Plaintiff conceded that he sometimes used his Oregon vehicles for sleeping when he was visiting Oregon and other states. Such stays however, were of short duration and are not so fixed and permanent to establish a residence or abode in Oregon. The court concludes that Plaintiff did not have a fixed habitation or abode in Oregon during the tax years at issue.

B.        *Whether Plaintiff Had the Intent to Establish a Domicile in Oregon*

Plaintiff was raised in Oregon and clearly established his domicile in this state prior to his military service in 1980. After he returned from military service, he began working in Alaska. He purchased a home and registered to vote there in the late 1980s. Plaintiff also obtained an Alaska driver's license. Those actions, together with his testimony demonstrated he intended to change his domicile to Alaska.

In 1990, Plaintiff married in Colorado, bought a home, and began raising children in that state. Although Plaintiff continued to work in Alaska for up to half the year while maintaining his family in Colorado, he presented persuasive testimony that he intended to make Colorado his domicile.

In 2002, Plaintiff separated from his wife and moved back to Alaska. Defendant argues that during Plaintiff's divorce he used his mother's Post Office Box in Oregon, obtained an

Oregon driver's license, purchased and maintained several vehicles registered in Oregon, which demonstrated his intent to make Oregon his domicile. However, Plaintiff presented a persuasive explanation that he obtained an Oregon driver's license because the motorcycle dealer would not allow him to purchase the vehicle without one. Also persuasive, was his testimony that he purchased and maintained the motorcycle in Oregon for travel in the "lower 48" because his location in Alaska was not well suited for that mode of transportation due to the weather and road conditions.

Plaintiff severed his initial Oregon domicile by acquiring domiciles in Alaska and then in Colorado. After his divorce in 2002, Plaintiff maintained a carefree, "off the grid" living situation, in Copper Center, and he may well have had the intention to return to Oregon after leaving Colorado. However, the facts do not suggest that he took sufficient overt actions to objectively demonstrate that he intended to change his domicile back to Oregon. Plaintiff's use of his mother's Post Office Box, the purchase of vehicles registered in Oregon and his obtaining a driver's license in 2010, under the facts of this case, without more, are insufficient to establish that his domicile was in Oregon for the tax years in issue.

## III. CONCLUSION

After careful consideration of the law and the facts of this case, the court finds that the preponderance of the evidence shows that Plaintiff was not domiciled in Oregon during the 2010 through 2012 tax years. Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.

Dated this ___ day of May 2016.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on May 23, 2016.*